Farrell, Senior Judge,
concurring:
The surveillance tape at the heart of this prosecution could have exhibited to reasonable jurors a strange, brief spectacle of disjointed actions by appellant supporting the conclusion, in which I concur, that the requested lesser included offense instruction on theft should have been given. In most robbery cases, I dare say in the vast majority of them, there will be no room for reasonable doubt by jurors that, if assaul-tive acts and theft have been proved, the two are linked by the purposeful nature of the assaults or equivalently the defendant’s awareness of the victim’s vulnerability to theft created by the assaults. And that.will be true also where, instead of using force or threats, the defendant took the property by sudden or stealthy seizure: he will be assumed, as a matter of law, to have been aware of the vulnerability of a victim given no opportunity to resist the sudden or stealthy taking. But this case, marked- by the idiosyncratic behavior Judge Beckwith describes, is exceptional, and on its facts I agree that the jury should have been allowed to reject robbery in favor of theft.